UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANNA GRYGORCEWICZ, | : | |
| Plaintiff, | : | Civil Action No. 08-cv-4370(FLW) |
| v. | : | |
| SCHWEITZER-MAUDUIT INTERNATIONAL, INC. | : | OPINION |
| Defendant. | : | |

**WOLFSON, United States District Judge**:

Presently before the Court is a Motion brought by Defendant Schweitzer-Maudit International, Inc. ("Defendant") to dismiss Plaintiff Anna Grygorcewicz's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In her Complaint, Plaintiff alleges that Defendant, her employer, terminated her employment after twenty-three years, and in doing so, breached the covenant of good faith and fair dealing. For the following reasons, Defendant's Motion to Dismiss is granted.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant is a Delaware corporation maintaining its principal place of business in Alpharetta, Georgia. Def.'s Notice of Removal ¶ 7. Plaintiff is a New Jersey resident and had been employed by Defendant for twenty-three years. Id. ¶ 6; Pl.'s Compl. ¶ 1. Plaintiff claims she

1

"always performed her job in a professional and workmanlike manner." Pl.'s Compl. ¶ 2. Defendant terminated Plaintiff's employment after learning of Plaintiff's substance abuse problem.[1]  Id. ¶ 3. After receiving professional help for her "alcohol issues," Defendant refused to reemploy Plaintiff in her original job or offer her a substantially similar position. Id. ¶ 5.

Plaintiff initiated this action in the Superior Court of New Jersey, Middlesex County Vicinage on July 7, 2008.  On August 29, 2008, Defendant sought to remove this matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1441, asserting that jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a).  Specifically, Defendant avers that (1) it is a Delaware corporation maintaining its principal place of business in Georgia and (2) in her Complaint, Plaintiff seeks damages in excess of $75,000.  Def.'s Notice of Removal.  On September 22, 2008, Defendant brought this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  However, on October 15, 2008, this Court ordered that Defendant's Motion be adjourned until November 17, 2008.  Notwithstanding this adjournment, Plaintiff has not filed a response to Defendant's Motion.  Accordingly, the Court shall consider the Motion unopposed. For the following reasons, Defendant's Motion to Dismiss is granted.

## II. DISCUSSION

### A. Standard of Review

---

[1]   Plaintiff's Complaint alleges that upon learning of Plaintiff's substance abuse problem, Defendant terminated her employment.  However, Plaintiff further alleges it was not until after Plaintiff received counseling for her addiction did Defendant decide to "terminate[] her permanently."  The Court is unable to ascertain whether Plaintiff's initial termination was merely a suspension.

2

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). Recently, in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

When a plaintiff fails to oppose a motion to dismiss for failure to state a claim, a court is still obligated to address the motion on its merits; thus, this Court must determine whether Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). West v. American Honda Motor Co., No. 08-0700, 2008 WL 4104683, at *2 (D.N.J. Aug. 28, 2008) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991)).

**B. Covenant of Good Faith and Fair Dealing**

Plaintiff alleges Defendant "failed to act in good faith and fair dealing by refusing to offer the Plaintiff her original position or a substantially similar one or even requiring her to seek professional help and/or the completion of an alcohol program." Compl. ¶ 6. In response, Defendant argues that the covenant of good faith and fair dealing is inapplicable in the case at bar. Specifically, Defendant contends no contract, either implied or explicit, existed between the parties, and as such, the implied covenant of good faith and fair dealing does not govern the parties' relationship. This Court agrees.

"The covenant of good faith and fair dealing is implied in every contract in New Jersey; thus, it is axiomatic that a contract must exist between two parties before a court will infer this covenant." J.M. ex rel. A.M. v. East Greenwich Tp. Bd. of Educ., No. 07-2861, 2008 WL 819968, at *9 (D.N.J. March 25, 2008) (citing Space v. BRPM Towing Service, Inc., No. 07-947, 2007 WL 4570157, at *6 (D.N.J. 2007)). This implicit duty ensures "neither party to a contract shall injure the right of the other to receive the fruits of the agreement." Onderdonk v. Presbyterian Homes of New Jersey, 425 A.2d 1057, 1062 (N.J. 1981). A defendant who acts with improper purpose or ill motive may be found liable for breaching the implied covenant if the breach upsets the plaintiff's reasonable expectations under the agreement. Intarome Fragrance & Flavor Corp. v. Zarkades, No. 07-873, 2008 WL 5109501, at *6 (D.N.J. Dec. 2, 2008) (quoting DiCarlo v. St. Mary Hosp., 530 F.3d 255, 267 (3d Cir.2008)).

Although the covenant of good faith and fair dealing applies to "those aspects of an at will employment relationship which are governed by some contractual terms," see Pepe v. Rival Co., 85 F. Supp. 2d 349, 390 (D.N.J. 1999), "[i]t is well settled that the implied term of fair

4

dealing will not work to constrain an employer's discretion to terminate an at-will employee." Scudder v. Media General, No. 95-1073, 1995 WL 495945, at *6 (D.N.J. Aug. 15, 1995); Pepe, 85 F. Supp. 2d at 390 (citations omitted); see also DeJoy v. Comcast Cable Communications, Inc., 968 F.Supp. 963, 989 (D.N.J. 1997). In other words, a cause of action arising out of the covenant of fair dealing must fail in the absence of a cognizable contract claim. ABD Monroe Inc. v. Monroe Twp., No. 04-4142, 2008 WL 58876, at *12-13 (D.N.J. Jan. 3, 2008) (citing Pepe, 85 F. Supp. 2d at 390); Wade v. Kessler Institute, 798 A.2d 1251, 1258 (N.J. 2002).

Here, Plaintiff's Complaint does not allege the existence of a contract, either oral or written, that governs the terms of her employment. Moreover, the fact that Defendant employed Plaintiff for over twenty-three years does not convert her at-will employment into the type that requires an employer to exercise a duty of good faith and fair dealing. Barone v. Leukemia Society of America, 42 F. Supp. 2d 452, 457-58 (D.N.J. 1998) (declining to extend the implied covenant of good faith and fair dealing to the at-will employment of a plaintiff employed for over twenty-five years before she was discharged by the defendant). Regardless of the length of Plaintiff's tenure, without the existence of a contract, Plaintiff's covenant of good faith and fair dealing claim fails as a matter of law. Daly v. Woodshire Apartments, No. 07-2526, 2008 WL 820117, at *6 (D.N.J. March 26, 2008) (finding the plaintiff's "at-will employment status impedes his ability to successfully raise a claim for breach of the covenant of good faith and fair dealing."). Accordingly, Defendant's Motion to Dismiss is granted.

**III. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is granted.

Dated: January 30, 2009                                              /s/ Freda L. Wolfson
                                                                                                                                **Freda L. Wolfson, U.S.D.J.**